**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re: | : | |
|     SERVICOM, LLC, | : | Case No. 18-31722 (AMN) |
|     JNET COMMUNICATIONS, LLC, | : | Case No. 18-31723 (AMN) |
|     VITEL COMMUNICATIONS, LLC, | : | Case No. 18-31724 (AMN) |
|         *Debtors* | : | (Jointly Administered Under |
| | : | Case No. 18-31722 (AMN))[1] |
| | : | |
| | : | ECF No. 1157, 1256, 1334, 1339 |
| | | |
|     VFI KR SPE I, LLC, | : | Adv. Pro. No. 19-3005 (AMN) |
|         *Plaintiff* | : | |
| v. | : | |
| | : | |
|     EUGENE CALDWELL, | : | |
|     DAVID JEFFERSON, and CORAL | : | |
|     CAPITAL SOLUTIONS, LLC, | : | |
|         *Defendants* | : | AP-ECF Nos. 355, 378, 459, 463 |
| | | |
|     BARBARA H. KATZ, | : | Adv. Pro. No. 19-3006 |
|     CHAPTER 7 TRUSTEE, | : | |
|         *Plaintiff* | : | |
| v. | : | |
| | : | |
|     EUGENE CALDWELL, | : | |
|     DAVID JEFFERSON, and CORAL | : | |
|     CAPITAL SOLUTIONS, LLC, | : | |
|         *Defendants* | : | AP-ECF No. 289, 312, 396, 401 |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING MOTION TO MODIFY PROTECTIVE ORDER**

On September 15, 2021, the court entered an Order Denying Motion to Quash, Denying Motion for Supplemental Order as Moot, and Establishing a Protective Order for

---

[1] Although these estates are being jointly administered, they are not substantively consolidated.

1

Discovery in the underlying Chapter 7 case, 18-31722.  ECF No. 1157 in Main Case No. 18-31722 ("Main Case").  The same order was entered on the same date in the two relevant adversary proceeding cases, 19-3005 and 19-3006.  AP-ECF Nos. 355 in AP-Case No. 19-3005, 289 in AP-Case No. 19-3006.  The Protective Order was later modified in all three cases (as modified the "Protective Order").  *See*, ECF No. 1256 in the Main Case; AP-ECF Nos. 378 in AP-Case No. 19-3005, 312 in AP-Case No. 19-3006.  Among other things, the Protective Order addressed the treatment of records of Wells Fargo Bank.

Recently, on April 22, 2022, Eugene Caldwell ('Caldwell') and David Jefferson ('Jefferson'; together with Caldwell, "Movants") filed a motion ("Motion") to modify the Protective Order but did not include a proposed order specifying the relief sought.  ECF Nos. 1334, 1339 in the Main Case; ECF Nos. 459, 463 in AP-Case 19-3005; ECF Nos. 396, 401 in AP-Case 19-3006.

The Protective Order was not a blanket discovery order regarding the Wells Fargo financial records, but rather was a more specific, targeted order entered as a result of an ongoing discovery dispute focused on certain bank records produced and to be disclosed to the parties.  The court held multiple hearings during the Summer of 2021 to consider numerous discovery disputes among these litigants.  The resulting Protective Order expressly provided that Designated Material – as defined in the Protective Order and including Wells Fargo Bank records and other discovery – could not be used or disclosed for any purpose other than the litigation of "this action" and provided terms and conditions for the use of Designated Material.  Included in the terms and conditions was a process for litigants including the Movants to seek agreement that Designated Material should be de-designated.  Barring agreement, the Protective Order provided a process to seek a

2

court determination of whether the Designated Material should remain subject to a Confidential or Confidential – Attorneys' Eyes Only designation.

Now, the Movants seek an order de-designating more than 50 pages of financial institution records relating to Coral Capital Solutions, LLC ("Coral") – a creditor in the Chapter 7 case and a defendant in each of the adversary proceedings – on an expedited basis, without having followed the procedure specified in the Protective Order. They also ask the court to endorse specific language to be included in a state court complaint.

The Movants fail, however, to address the task before the Court, leaving aside the expedited nature of their request. "An examination of Second Circuit case law reveals the following factors are relevant when determining whether a party has reasonably relied on the protective order: (1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 318 (D. Conn. 2009). Where there has been reasonable reliance by a party or deponent on the confidentiality order in giving testimony or producing materials, a court should not modify an order granted under 26(c) "'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001)(*quoting*, *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir.1979)).

Here, the reasonableness of Coral's reliance includes a temporal consideration because the parties are required to grapple with the scope of the remaining restrictions on disclosure prior to filing dispositive motions in these cases, due in a few months. The parties have a meet and confer deadline of May 24, 2022. regarding designations under the Protective Order. ECF No. 1333 in Main Case; AP-ECF No. 458 in AP-Case No. 19-

3005; AP-ECF No. 395 in AP-Case No. 19-3006.  With that background and combined with the Movants' failure to follow the process to de-designate specified in the Protective Order, the reasonableness of Coral's reliance on the confidentiality – at least for now – of the Designated Material is heightened.

The strong presumption against modification of a protective order on which parties have relied encourages full disclosure of all relevant evidence.  Where parties have reasonably relied on these protective orders to ensure the confidentiality of their testimony and discovery documents, the Second Circuit has been hesitant to permit modifications that might "unfairly disturb the legitimate expectations" of the parties or deponents. *TheStreet.Com*, 273 F.3d at 230.

The Protective Order prevents the Movants from using any information they obtained from this litigation outside of the Chapter 7 case and the two adversary proceedings, but pursuant to Fed.R.Civ.P. 11, a party may file a pleading with factual allegations that the filing party certifies "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed.R.Civ.P. 11(b)(3). Coral's counsel admitted as much during a continued hearing held on April 27, 2022.

Moreover, it would be a perversion if the effect of the Protective Order shielded a party who committed a clear breach from a subsequent lawsuit from an aggrieved plaintiff. Though the Movants cannot cite to or quote any evidence obtained under the Protective Order, the Movants are free to file a new and separate suit so long as such filing complies with Rule 11.  *Arcesium LLC v. Advent Software, Inc.*, 1:20-CV-04389 (MKV), 2022 WL 621973, at *3 (S.D.N.Y. Mar. 3, 2022).

I conclude the Movants have failed to establish a persuasive basis for modification of the Protective Order at this time under applicable Second Circuit precedent. I have considered all other arguments by the parties and find them to be without merit.

Accordingly, it is hereby

**ORDERED**: That, the Movant's motion to modify filed as ECF Nos. 1334, 1339 in the Main Case; ECF Nos. 459, 463 in AP-Case 19-3005; ECF Nos. 396, 401 in AP-Case 19-3006, is DENIED.

Dated this 27th day of April, 2022, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut